UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY M. HOTVEDT,

    Plaintiff,

 v.                                                              Case No. 22-CV-445

WAUKESHA COUNTY
SHERIFF DEPARTMENT,

    Defendant.

## ORDER SCREENING THE COMPLAINT

On April 12, 2022, the defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1131, 1441(c), and 1443 removing this case, which was filed in Waukesha County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin. (ECF No. 1.) The defendant also filed a motion for screening pursuant to 28 U.S.C. § 1915A because the plaintiff, Jeffrey M. Hotvedt, who is representing himself, was incarcerated when he filed the complaint. (ECF No. 6.) The court grants the motion to screen Hotvedt's complaint.

### SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Hotvedt was incarcerated when he filed his complaint. The PLRA requires courts to

screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015)

2

Case 2:22-cv-00445-NJ   Filed 05/20/22   Page 2 of 6   Document 9

(citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Hotvedt's Allegations*

Hotvedt alleges that while incarcerated at the Waukesha County Jail during 2021, the Waukesha County Sheriff's Department failed "to obtain true facts" for various incidents. (ECF No. 1-1 at 1.) He also alleges that they failed to treat him "as a human", sexually harassed him, and retaliated against him. (ECF No. 1-1 at 2-4.)

*Analysis*

Hotvedt potentially has viable claims, but the only defendant he names is the Waukesha County Sheriff's Department. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Waukesha County Sheriff's Department is not a person. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). Accordingly, a plaintiff must specifically allege what each individual defendant (in this case each employee of the sheriff's department) did or did not do to violate his constitutional rights.

As such, the court will provide Hotvedt an opportunity to amend his complaint to include allegations about what specific employees of the sheriff's department did (or did not do) that caused a violation of his constitutional rights.

3

Hotvedt's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate Hotvedt's rights. When writing his amended complaint, Hotvedt should provide the court without enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; and 3) When did each person violate his rights? If Hotvedt does not know the name of the defendant who alleged violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Hotvedt will have an opportunity to conduct limited discovery to determine the defendants' identity.

The court is enclosing a copy of its complaint form and instructions. Hotvedt must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Hotvedt may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Hotvedt cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

4

If Hotvedt does not file an amended complaint by the deadline specified below, the court will dismiss his case for failure to state a claim upon which relief may be granted.

**THEREFORE, IT IS ORDERED** that the defendant's motion to screen the complaint (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hotvedt may file an amended complaint that complies with the instructions in this order on or before **June 10, 2022**. If Hotvedt files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Hotvedt does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hotvedt a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Hotvedt is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hotvedt is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hotvedt' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 20th day of May, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge