UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY M. HOTVEDT,

        Plaintiff,

v.                                              Case No. 22-C-445

WAUKESHA COUNTY SHERIFF'S DEPT.,

        Defendant.

## ORDER

On May 20, 2022, Magistrate Judge Nancy Joseph found that *pro se* plaintiff Jeffrey M. Hotvedt's complaint failed to state a claim upon which relief may be granted. Dkt. No. 9. Judge Joseph gave Hotvedt an opportunity to amend his complaint and specify which individuals were responsible for allegedly violating his constitutional rights. *Id.* at 6–7. Hotvedt was given until June 10, 2022, to file an amended complaint. *Id.* at 8. Judge Joseph informed Hotvedt that if he failed to file an amended complaint by that deadline, the Court would dismiss his case based on his failure to state a claim in his original complaint and issue him a "strike" under 28 U.S.C. § 1915(g). *Id.* Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. District Court Judge for dismissal. The June 10, 2022, deadline has passed, and Hotvedt did not file an amended complaint.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Green Bay, Wisconsin this 22nd day of June, 2022.

                                                            s/ William C. Griesbach
                                                             William C. Griesbach
                                                             U.S. District Judge